50 CCPA

**Application of Oscar SHUFFMAN.**
**Patent Appeal No. 6876.**

United States Court of Customs and Patent Appeals.

Jan. 16, 1963.

George B. Finnegan, Jr., and John D. Foley, New York City, for appellant.

Clarence W. Moore, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Associate Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of all claims in application Ser. No. 523,987, filed July 25, 1955, for "Lamination of Polyester Foam." The rejected claims on appeal are 1–6 and 8–16.

The invention relates to a laminated product having a layer of diisocyanate-modified polyester foam (a polyurethane foam) to which a facing of some other material, such as fabric or thermoplastic film, is secured by a thermoplastic adhesive.

The adhesives included within the claims may be observed in claims 1 and 13 which are representative of the product and process claims on appeal and read as follows:

1. A laminated product comprising a layer of resilient diisocyanate modified polyester foam, a facing layer and a layer of thermoplastic adhesive selected from the group consisting of plasticized polyvinyl acetate, polyvinyl acetate-polyvinyl chloride copolymers, alkyl esters of polyacrylic and polymethacrylic acids, polyamides and butadiene-acrylonitrile copolymers heat sealing said first mentioned layer to said facing layer throughout the co-extensive opposed surfaces thereof, said adhesive layer being activated at a temperature below the temperature at which said resilient and facing layers become distorted and weakened.

13. A method of laminating a facing layer to the surface of a pre-formed body of resilient diisocyanate modified polyester foam which comprises interposing a thin layer of thermoplastic material selected from the group consisting of, in plasticized condition respectively, polyvinyl, acetate, polyvinyl, acetate-polyvinyl chloride copolymers, alkyl esters of polyacrylic and polymethacrylic acids, polyamides, and butadiene-acrylonitrile copolymers between said facing layer and said surface, and hot pressing said facing layer and said surfaces together at a temperature activating said thermoplastic material to an adhesive condition, said temperature being at a temperature below that which induces softening, weakening or distortion of either said facing layer or said foam body.

The references of record relied upon are:

| | | |
|---|---|---|
| Van Swaay | 2,759,475 | Aug. 21, 1956 |
| Herrmann et al. | 1,784,008 | Dec. 9, 1930 |
| Lukman et al. | 2,741,650 | Apr. 10, 1956 |
| Jury | 1,241,853 | Oct. 2, 1917 |
| Russell | 2,135,473 | Nov. 1, 1938 |
| Morris | 2,732,324 | Jan. 24, 1956 |
| Scholl | 2,740,402 | Apr. 3, 1956 |

The examiner relied on the Van Swaay patent as showing a laminated product having a layer of polyurethane foam adhesively secured to a layer of thermoplastic material. This reference does not disclose what the adhesive is and merely states that the two layers are joined "by glueing [sic]." The other references are relied on as showing thermoplastic adhesives within appellant's claims, including adhesives which would produce a porous bonding layer if desired, as called for in some claims. The examiner's position is that the adhesives claimed are conventional and well known thermoplastic adhesive materials and that it would be entirely obvious to one skilled in the art that such adhesives could be used, if possessing a sufficiently low melting point, to secure appellant's

materials together. On the latter point, the examiner said:

> "In any instance where thermoplastic adhesives have been used it must be assumed that the heat and pressure were not such as to injure or deform the materials being adhered together unless deformation was desired."

The Herrmann et al. patent discloses the use of plasticized polyvinyl acetate as an adhesive of "special importance" and also teaches its use as an adhesive to be utilized with heat and pressure, a heat-sealing technique which was described by those patentees in 1927 as already known.

The Lukman et al. patent describes polyvinyl acetate as a material the principal use of which is as adhesives. Morris teaches the desirability of using thermoplastic resin adhesives which have a lower melting point than resin sheets to which they are to be adhered.

The board said that, after studying the prior art and considering all of the appellant's arguments, "we have decided that the rejection is sound and therefore we will sustain the Examiner's action." We have gone through the same process and have come to the same conclusion.

It seems rather clear to us from reading appellant's brief that the invention was at most nothing more than *selection* of the group of adhesives claimed—the term is appellant's—and then bonding the componets of his laminates with the utilization of one of the adhesives according to entirely conventional heat-sealing methods, utilizing appropriate temperatures to get adhesion without damage to the materials. In our opinion, the adhesives were present in the art ready to be selected and the selection was made and the adhesives applied according to principles well within the ordinary skill of the art at the time the invention was made.

In attempting to distinguish the Van Swaay reference, appellant seeks to persuade us that that patent teaches the use of "glue" and makes the assumption that it is a *"nonporous, cold-set glue adhesive * * *."* As we have indicated above, Van Swaay says nothing whatever about *glue* or what adhesive is used. It gives no information at all on this subject. It refers to bonding two layers, one of either "Plexiglas (e. g. methyl methacrylate)" or polyethylene and the other of polyurethane foam, "by glueing." The patent has all the earmarks of a translation from a foreign language (its inventor is of The Hague) and the context, in particular the materials to be secured together, suggests that the term "glueing" should not be taken literally as connoting "glue" in the sense in which appellant would have us take it. Rather "glueing," as the term is used, would seem to indicate the securing of the laminae together with the use of a *suitable* adhesive, which would not necessarily be either non-porous or cold-setting. We note that according to Webster's New Collegiate Dictionary,[1] "gluing" as a verb does not necessarily mean the use of "glue" in the narrow sense of common gelatin glue. The second meaning as set forth is, "2. By extension, any of various adhesive or viscous substances." The verb definition is "—v. t.; * * * GLUING * * * To cause to stick or hold fast, with *or as with* glue. [Emphasis ours.]"

The art of record makes it very clear that thermoplastic adhesives within the scope of appellant's claims, in particular his preferred adhesive, polyvinyl acetate, were well known to the art long prior to the making of the claimed invention. We believe it would have been obvious to use them, in the manner claimed, to stick together the laminae included within the claims.

The decision of the board is affirmed.

Affirmed.

---

1. Webster's New Collegiate Dictionary, p. 352 (1960).